# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4147
_____

Computer Aided Design Systems, Inc.,  *
            *
    Appellee,      *
            * Appeal from the United States
   v.         * District Court for the Southern
            * District of Iowa.
Safeco Life Insurance Company,  *
            *
    Appellant.     *
            *

_____

Submitted: October 23, 2003
Filed: March 2, 2004
_____

Before BYE, HANSEN, and MELLOY, Circuit Judges.
_____

MELLOY, Circuit Judge.

This appeal arises from a suit by an employer, Computer Aided Design Systems ("CADSI"), against an excess loss insurer, Safeco Life Insurance Company ("SAFECO"), who denied CADSI's claim for expenses incurred by covering a certain medical treatment of one of its beneficiaries. The district court granted summary judgment in favor of CADSI, concluding that the Plan Administrator's decision to cover a claim under the employee health benefit plan is reviewable only for an abuse of discretion, and that the Plan Administrator did not abuse his discretion in covering

the claim in question. SAFECO now appeals the grant of summary judgment for CADSI. We affirm.

## I.

CADSI had a self-funded employee benefit plan ("Plan") and contracted with SAFECO for excess loss insurance. CADSI also contracted with an independent medical review and utilization service, Great Plaines Health Network ("Plaines Health"), receiving a lower premium rate from SAFECO as a result. Lynda Solomon, a beneficiary of the benefit plan, was diagnosed with Stage IV breast cancer, and her doctors at the University of Iowa Hospitals and Clinics recommended that Solomon undergo an autologous peripheral blood stem cell transplant with high-dose chemotherapy. Solomon submitted a preauthorization claim for the treatment with the Plan Administrator. Solomon's medical records and information about the proposed treatment were submitted to Plaines Health. Plaines Health concluded that the treatment was "medically necessary" and not "specifically excluded in the certificate language."

In addition, the Plan Administrator submitted the records and information to SAFECO's excess loss referral assistance program, a voluntary program that helps plan administrators review a claim and determine whether it is covered. Through this program, SAFECO responded that it believed the treatment was not "medically necessary," as defined under the Plan and also an "experimental procedure," as defined under the Plan. SAFECO thus found the procedure was not covered under the terms of the Plan. SAFECO provided with its finding the opinions of three oncologists employed by SAFECO.

Because of the apparent conflict, the Plan Administrator solicited the opinion of Dr. Roger Gingrich, an oncologist at the University of Iowa. Dr. Gingrich provided an opinion that rebutted the opinions of the three SAFECO oncologists. The Plan Administrator submitted the rebuttal to SAFECO, which responded with

rebuttal opinions by its three oncologists. After considering all the information and opinions mentioned above, the Plan Administrator concluded that Solomon's proposed treatment was medically necessary and not experimental, and approved payment of the claim. CADSI paid Solomon's medical bills and filed a claim with SAFECO for excess loss of $146,482.62. SAFECO denied the claim.

## II.

We review the district court's grant of summary judgment de novo. Jackson v. Ark. Dep't of Educ., Vocational and Technical Educ. Div., 272 F.3d 1020, 1025 (8th Cir. 2001). SAFECO argues that the district court erred (1) in applying an abuse of discretion standard when assessing whether the Plan Administrator properly approved a claim; (2) in concluding that coverage of the stem cell transplant was not barred as experimental; and (3) by drawing inferences for the moving party, CADSI, in granting its motion for summary judgment.

We find these arguments are unpersuasive. The district court properly analyzed the contract between SAFECO and CADSI under Washington State contract law. This contract, which SAFECO drafted, stated that SAFECO would "reimburse you [CADSI] for a percentage of the amount of covered expenses you have paid for covered persons under your plan." App. at 190. The policy made no provision for SAFECO to review whether claims were covered under the Plan. Instead, SAFECO's policy fully incorporated CADSI's employee benefit plan, which gave the CADSI Plan Administrator the exclusive authority to decide whether to grant or deny claims, reviewable only for an abuse of discretion.[1] Thus, though SAFECO urges the Court

---

[1]The health benefit plan states:

The Employer also has the sole authority and responsibility to review and make final decisions on all claims for benefits hereunder.

* * *

to review CADSI's coverage decision objectively, SAFECO's Excess Loss Policy limits the inquiry to whether or not the Plan Administrator abused his discretion.

We conclude that the Plan Administrator did not abuse his discretion when he made the decision to cover Lynda Solomon's claim. The Plan Administrator solicited and reviewed information from several sources before making his decision that Solomon's treatment was covered. In making this determination, he had at his disposal: (1) information about the treatment submitted by Solomon and the University of Iowa Hospitals and Clinics, (2) the three SAFECO expert opinions, (3) the rebuttal opinion of Dr. Gingrich at the University of Iowa, (4) SAFECO's experts' responses to Dr. Gingrich's rebuttal, (5) the opinion by the independent medical review service Plaines Health. Substantial evidence–the opinion of Plaines Health, the opinion of Dr. Gingrich, combined with the other information submitted by the University and Solomon–supported the Plan Administrator's decision to extend coverage to Solomon. We find this decision was reasonable and not an abuse of discretion.

Accordingly, the judgment of the district court is affirmed.

_____

_____

In exercising its authority under this Plan, the Fiduciary and/or Plan Administrator and any such designated subsidiaries and affiliates shall have discretionary authority to determine whether and to what extent participants and beneficiaries are entitled to benefits, and to construe disputed or doubtful Plan terms. The Fiduciary and/or Plan Administrator and any such designated subsidiaries and affiliates shall be deemed to have properly exercised such authority *unless they have abused their discretion* hereunder by acting arbitrarily and capriciously.

CADSI Self-Funded Employee Health Benefit Plan, App. at 131-32 (emphasis added).